## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-01458-JHN-PJWx | Date | March 22, 2010 |
|---|---|---|---|
| Title | Jodi SK Fung v. Cameron Financial Group Inc et. al. | | |

| Present: The Honorable | JACQUELINE NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER TO SHOW CAUSE RE: REAL PARTY IN INTEREST and ORDER VACATING MOTION HEARING DATE (In Chambers)

Plaintiff filed the instant action in state court on January 15, 2010, asserting various fraud allegations related to her mortgage. However, it appears that Plaintiff filed for Chapter 13 bankruptcy protection on September 14, 2009, with a termination date of January 21, 2010. (*See* U.S. Bankruptcy Court Central District Of California, case no. 2:09-bk-34622-AA.)

Rule 17(a) requires that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). "A bankruptcy estate becomes a legal entity when a bankruptcy petition is filed." *In re Jess*, 169 F.3d 1204, 1207 (9th Cir. 1999); 11 U.S.C. §§ 301(b), 541. The property of a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "Because the bankruptcy trustee controls the bankruptcy estate, it is the real party in interest in the suits that belong to the estate." *Griffin v. Allstate Ins. Co.*, 920 F. Supp. 127, 130 (C.D. Cal. 1996) (citing *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 708 n.1 (9th Cir. 1986)). "[P]roperty that is neither abandoned nor administered remains property of the estate even after the case is closed." *In re Lopez*, 283 B.R. 22, 27-28 (9th Cir. BAP 2002) (citing 11 U.S.C. § 541 and § 554(d)); *Pace v. Battley (In re Pace)*, 146 B.R. 562, 564-66 (9th Cir. BAP 1992), *aff'd*, 17 F.3d 395, 1994 WL 55523 (9th Cir.1994) (table)).

To qualify for exemptions under Section 522 of the Bankruptcy Code, the debtor "shall file a list of property that the debtor claims as exempt[.]" 11 U.S.C. § 522(l). Here, Plaintiff has not alleged that her claims fall under any Bankruptcy Code exemptions. Bankruptcy Code Section 554 provides that abandonment of property of the estate occurs:

> (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
> (c) Unless the court orders otherwise, any property scheduled under section 521(1) of this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-01458-JHN-PJWx | Date | March 22, 2010 |
|---|---|---|---|
| Title | Jodi SK Fung v. Cameron Financial Group Inc et. al. | | |

title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

Plaintiff has not shown that any of the procedural requirements for abandonment was met. Therefore, the instant cause of action remains property of the bankruptcy estate. *See* 11 U.S.C. § 554(d) ("Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."); *Pace v. Battley (In re Pace)*, 146 B.R. 562, 566 (9th Cir. BAP 1992), *aff'd*, 17 F.3d 395, 1994 WL 55523 (9th Cir. 1994) (table)) ("The fact that the malpractice claim was not scheduled excluded it from the language of the court's order and the claim remained property of the estate in accordance with § 554(d)").

Plaintiff does not have standing to bring this lawsuit unless she can show that her bankruptcy claims are abandoned or exempt, joins the bankruptcy trustee, or show the trustee's ratification of the lawsuit if she is able to do so consistent with Fed. R. Civ. P. 11.

Plaintiff must explain, in writing, why the Court should not dismiss the Complaint for lack of standing. Failure to respond to this Order by **April 19, 2010** will result in this matter being dismissed WITH PREJUDICE. The matter will stand submitted upon the court's receipt of Plaintiff's response, if any, to this Order.

The hearing set for April 12, 2010 on Defendant Aurora Loan Services' Motion to Dismiss (docket no. 6) is hereby removed from the Court's calendar. The motion will be recalendared for a hearing, if necessary, if the Court finds that Plaintiff's response to this Order establishes standing to pursue this case.

| | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |